IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 3, 2019

## JEANETTE CURRIE v. FARMERS INSURANCE COMPANY

**Appeal from the Circuit Court for Davidson County**
**No. 18C996  Hamilton V. Gayden, Jr., Judge**

————————————————————

### No. M2018-01818-COA-R3-CV

————————————————————

Due to the deficiencies in Appellant's brief, we conclude that she waived consideration of any issues on appeal and hereby dismiss the appeal.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

KENNY ARMSTRONG, J., delivered the opinion of the court, in which THOMAS R. FRIERSON, II, and W. NEAL MCBRAYER, JJ., joined.

Jeanette Currie, Nashville, Tennessee, appellant, pro se.

Amy Victoria Peters and Jeffrey Regg Kohl, Oklahoma City, Oklahoma, for the appellee, Farmers Insurance Exchange (OK).

### OPINION

In October 2016, Appellant Jeanette Currie obtained a policy for automobile insurance from Appellee Farmers Insurance Exchange ("Farmers"). The policy contained an exclusion for Lewarren Currie, Ms. Currie's adult son. Lewarren Currie was not residing in Ms. Currie's household when the policy was issued because he was incarcerated. He was paroled in 2017 and moved into Ms. Currie's home at that time.

On November 2, 2016, Farmers sent Ms. Currie copies of her policy documents. These documents, which are included in the appellate record, clearly state that Lewarren Currie is an excluded driver. There is also evidence that Ms. Currie signed the Excluded Driver Endorsement on November 1, 2016; Ms. Currie denies doing so.

The policy was renewed on April 30, 2017. Farmers sent a letter to Ms. Currie on or about March 7, 2017. The letter lists Lewarren Currie as an excluded driver on the Declarations Page.

It is undisputed that, on September 2, 2017, Ms. Currie entrusted her vehicle to her son. While in Lewarren Currie's care and control, Ms. Currie's vehicle was stolen. The vehicle was later recovered, but it sustained significant damage. On September 4, 2017, Ms. Currie contacted her insurance agent, Demetrius Thompson, and filed a claim. Farmers proceeded to investigate the claim. On September 8, 2017, Farmers field property adjuster, Philip Bolcar, met with Ms. Currie to inspect the vehicle. He subsequently drafted an estimate regarding the proper damage. The total damages, less Ms. Currie's $500.00 deductible, were $4,904.87.

Farmers initially denied the claim on September 22, 2017 based on the Named Driver Exclusion Endorsement. Following further negotiations, Farmers provided coverage under the Comprehensive portion of Ms. Currie's policy. On October 26, 2017, Ms. Currie accepted a settlement from Farmers in the amount of $4,904.87.

On October 27, 2017, Ms. Currie filed a suit against Farmers in the General Sessions Court of Davidson County. Ms. Currie sought damages for failure to pay a claim and false reporting. Following a bench trial, the general sessions court entered a verdict in favor of Farmers.

On February 12, 2017, Ms. Currie filed a notice of appeal, and the case was removed to the Davidson County Circuit Court ("trial court"). The parties entered an agreed order on February 1, 2018 setting the matter for a bench trial. Ms. Currie subsequently filed a motion to amend her complaint in an attempt to request a jury trial. The trial court denied the motion by order of May 2, 2018 based on Ms. Currie's failure to comply with Tennessee Rule of Civil Procedure 38, which requires that a jury demand be asserted within ten days of an appeal to circuit court.

On April 20, 2018, Ms. Currie filed another lawsuit against Farmers. For her complaint, Ms. Currie tendered the amended complaint that had been denied, *supra*. Farmers moved to dismiss the second lawsuit on the ground that it was barred by the doctrine of prior suit pending. The trial court heard the motion to dismiss on August 10, 2018. The trial court denied the motion but consolidated the two cases for trial.

The consolidated cases were tried on August 28, 2018. Following close of Appellant's proof, Farmers moved for directed verdict. By order of September 7, 2018, the trial court granted the motion and dismissed Ms. Currie's lawsuit with prejudice. She appeals.

As an initial matter, Farmers asserts that Ms. Currie's appellate brief fails to comply with the requirements for briefing set out in the Tennessee Rules of Appellate Procedure. As such, Farmers argues that any issues Ms. Currie raises on appeal are waived.

Before addressing the sufficiency of her brief, we note that Ms. Currie is representing herself in this appeal. It is well-settled that "pro se litigants are held to the same procedural and substantive standards to which lawyers must adhere." *Brown v. Christian Bros. Univ.*, No. W2012-01336-COA-R3-CV, 2013 WL 3982137, at *3 (Tenn. Ct. App. Aug. 5, 2013), *perm. app. denied* (Tenn. Jan. 15, 2014). This Court has held that "[p]arties who choose to represent themselves are entitled to fair and equal treatment by the courts." *Hodges v. Tenn. Att'y Gen.*, 43 S.W.3d 918, 920 (Tenn. Ct. App. 2000); *Paehler v. Union Planters Nat'l Bank, Inc.*, 971 S.W.2d 393, 396 (Tenn. Ct. App. 1997). Nevertheless, "courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." *Young v. Barrow*, 130 S.W.3d 59, 62-63 (Tenn. Ct. App. 2003); *Edmundson v. Pratt*, 945 S.W.2d 754, 755 (Tenn. Ct. App. 1996); *Kaylor v. Bradley*, 912 S.W.2d 728, 733 n.4 (Tenn. Ct. App. 1995).

Tennessee Rule of Appellate Procedure 27(a) mandates that "[t]he brief of the appellant shall contain under appropriate headings and in the order here indicated:"

(1) A table of contents, with references to the pages in the brief;

(2) A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;

(3) A jurisdictional statement in cases appealed to the Supreme Court directly from the trial court indicating briefly the jurisdictional grounds for the appeal to the Supreme Court;

(4) A statement of the issues presented for review;

(5) A statement of the case, indicating briefly the nature of the case, the course of proceedings, and its disposition in the court below;

(6) A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;

(7) An argument, which may be preceded by a summary of argument, setting forth: (A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the

contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and (B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues);

(8) A short conclusion, stating the precise relief sought.

Tenn. R. App. P. 27(a). Furthermore, Tennessee Court of Appeals Rule 6 provides:

(a) Written argument in regard to each issue on appeal shall contain:

(1) A statement by the appellant of the alleged erroneous action of the trial court which raises the issue and a statement by the appellee of any action of the trial court which is relied upon to correct the alleged error, with citation to the record where the erroneous or corrective action is recorded.

(2) A statement showing how such alleged error was seasonably called to the attention of the trial judge with citation to that part of the record where appellant's challenge of the alleged error is recorded.

(3) A statement reciting wherein appellant was prejudiced by such alleged error, with citations to the record showing where the resultant prejudice is recorded.

(4) A statement of each determinative fact relied upon with citation to the record where evidence of each such fact may be found.

(b) No complaint of or reliance upon action by the trial court will be considered on appeal unless the argument contains a specific reference to the page or pages of the record where such action is recorded. No assertion of fact will be considered on appeal unless the argument contains a reference to the page or pages of the record where evidence of such fact is recorded.

Ms. Currie's appellate brief reads in its entirety:

FILED

MAR 0.7 2019

Clerk of the Appellate Courts
Rec'd By _____

## IN THE COURT OF APPEALS OF TENNESSEE
### AT NASHVILLE

## JEANETTE CURRIE v. FARMERS INSURANCE COMPANY

**Davidson County Circuit Court
18C996**

### No. M2018-10818-COA-RA#-CV

### BRIEF TO APPEAL

Comes the Plaintiff, by pro se, pursuant to Rule 29 of the Tennessee Rules of Appellate Procedure, hereby submit a brief to appeal. On September 2, 2017 the Plaintiff's 2013 Ford Explorer, leather seats-fully loaded and fully insured by the Defendant-Farmers Insurance Company, was stolen. In fact, the Plaintiff has had several policies with the Defendant. The damage was tremendous and not limited to bullet holes through car body top and car seats, back windows shot out, steering rack and pinion totally damaged, key lost. Therefore, no key for the Defendants adjuster to assess the car or ignite the car or drive the car for accurate assessment of the entire damage. When car was discovered stolen on September 2, 2017 and recovered on September , a full report was given to the Davidson County Police Department. Subsequently on September 4, 2017, Farmers' Insurance assigned agent, Demetrius Thompson was advised of the Plaintiff's vehicle was stolen. Claim was filed with Farmers Insurance by the agent, Demetrius Thompson.

The Defendant, Farmers Insurance Company and their Attorney would have the courts to believe that this was a collision motor vehicle property damage claim on the insured Plaintiff vehicle. To the contrary, this claim is a comprehensive coverage auto theft which does not carry an exclusion endorsement by insurance law.

- 5 -

The Defendant fail to process the plaintiff claim as an auto theft and refused to render to the Plaintiff fair and equitable due process of a simple insurance auto theft comprehensive loss. Instead, the Defendant investigates Plaintiff by coming to the Plaintiff's home to "look around" and going to her son's employment "to look" around, as to determine their ethnicity or cultural background before processing their simple auto theft comprehensive loss. However, when Plaintiff funds were paid for policy on vehicle, no such investigation took place, just took the money for the policy.

To add insult to injury, the Defendant accused Plaintiff of an exclusionary endorsement because her son was driving car when it was stolen. Farmers' agent, Demetrius Thompson, for the Plaintiff, supports the auto theft comprehensive loss by advising in an appeal letter dated September 25, 2017 to Farmers Insurance Claim Department (Exhibit E) " Nevertheless, who was driving the car before it was stolen is irrelevant to the fact that it was stolen and based on that fact; we believe coverage should have been rendered."

Normal auto theft insurance process suggests the insurance company files the claim, then when and if the car is found, sends an adjuster to assess the damage, either writes a check for damage or advise get quotes for damage repair or both, and/or assess the car total loss and writes the plaintiff a check for the "blue book value" of the car would do this expeditiously to make sure their valued customer gets their vehicle repaired or new transportation as soon as possible. Since September 2017 to present day Framer has fought against Plaintiff until March 2019, the Defendant has done nothing to ensure that their insured customer had the needed transportation that the Defendant's policy guaranteed.

Because comprehensive coverage cannot carry an exclusion provision clause in any insurance policy; and wherefore, the Defendant forged an e-signed document saying that the

- 6 -

Plaintiff signed it excluding her son from driving the vehicle (which is irrelevant to the vehicle being stolen); and wherefore, the Defendant's denial and approve the claim with less money than Plaintiff could use for all the damage that were done to truck .It was a simple auto theft comprehensive loss, because of the plaintiff's lack of transportation, they were forced to purchase another vehicle for home, school, college, grocery, and church needs of her family.

### RELIEF

. Therefore, the Plaintiff prays that this honorable court find in its findings that the Defendant is guilty of forgery with all the exhibits that was presented in the transcript of the trail, held on August 2018. The key to the car was not present to asset the truck value, the money that was given was not enough to cover the total damage that occurred from the auto thief. I pray that the lower court decision be over turn. The amount of $175, 000.00 be given to cover the new vehicle, uber and lyft, taxi's, car rentals, work missed, stress and anguish for forging Plaintiff name on E-sign on a policy that they created.

Executed this 7th day of March 2019

Jeanette Currie
932 Bordeaux Place
Nashville, TN 37207

There are myriad omissions in Ms. Currie's brief. In violation of Tennessee Rule of Appellate Procedure 27(a), *supra*, there is no: (1) table of contents; (2) table of authorities; or (3) jurisdictional statement. More importantly, Ms. Currie's brief does not specifically state the issues she presents for review, nor does it contain any argument. There are no references to the trial court record, and there are no authorities cited. As such, this Court is left to wonder exactly what Ms. Currie is appealing. We have previously stated that:

- 7 -

"'Courts have routinely held that the failure to make appropriate references to the record and to cite relevant authority in the argument section of the brief as required by Rule 27(a)(7) constitutes a waiver of the issue.'" **Forbess v. Forbess**, 370 S.W.3d 347, 355 (Tenn. Ct. App. 2011) (quoting **Bean v. Bean**, 40 S.W.3d 52, 55-56 (Tenn. Ct. App. 2000)); *see also* **Tellico Village Property Owners Ass'n, Inc. v. Health Solutions, LLC**, No. E2012-00101-COA-R3-CV, 2013 WL 362815, at *3 (Tenn. Ct. App. Jan. 30, 2013) (no perm. app. filed ) (quoting **Branum v. Akins**, 978 S.W.2d 554, 557 n.2 (Tenn. Ct. App. 2001)) ("'Where a party makes no legal argument and cites no authority in support of a position, such issue is deemed to be waived and will not be considered on appeal.'") In addition, "Appellants . . . must include in their . . . brief a statement of the issues they desire to present to the court and an argument with respect to each of the issues presented." **Craig v. Hodge**, 382 S.W.3d 325, 334-335 (Tenn. 2012). "[A]n issue may be deemed waived when it is argued in the brief but is not designated as an issue in accordance with Tenn. R. App. P. 27(a)(4)." **Id.** (citing **ABN AMRO Mortg. Grp., Inc. v. S. Sec. Fed. Credit Uni**on, 372 S.W.3d 121, 132 (Tenn. Ct. App. 2011); **Childress v. Union Realty Co.**, 97 S.W.3d 573, 578 (Tenn. Ct. App. 2002)). "The requirement of a statement of the issues raised on appeal is no mere technicality." **Owen v. Long Tire, LLC**, No. W2011-01227-COA-R3-CV, 2011 WL 6777014, at *4 (Tenn. Ct. App. Dec. 22, 2011). The appellee is entitled to fair notice of the appellate issues so as to prepare his or her response, and more importantly, "this Court is not charged with the responsibility of scouring the appellate record for any reversible error the trial court may have committed." **Id.** "It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." **Sneed v. Bd. of Prof'l Responsibility of Sup.Ct.**, 301 S.W.3d 603, 615 (Tenn.2010).

\*\*\*

"[T]he Supreme Court has held that it will not find this Court in error for not considering a case on its merits where the plaintiff did not comply with the rules of this Court." **Bean**, 40 S.W.3d at 54-55 (citing **Crowe v. Birmingham & N.W. Ry. Co.**, 156 Tenn. 349, 1 S.W.2d 781 (1928)). "[A]ppellate courts may properly decline to consider issues that have not been raised and briefed in accordance with the applicable rules." **Waters v. Farr**, 291 S.W.3d 873, 919 (Tenn. 2009). "We have previously held that a litigant's appeal should be dismissed where his brief does not comply with the applicable rules, or where there is a complete failure to cite

to the record." ***Commercial Bank, Inc. v. Summers***, No. E2010-02170-COA-R3-CV, 2011 WL 2673112, at *2 (Tenn. Ct. App. July 11, 2011).

***Clayton v. Herron***, No. M2014-01497-COA-R3-CV, 2015 WL 757240, at *2-3 (Tenn. Ct. App. Feb. 20, 2015).

For the reasons stated above, Ms. Currie's appellate brief wholly fails to comply with Tennessee Rule of Appellate Procedure 27's mandates regarding the content of briefs. She did not include any reference to the appellate record; she did not properly cite applicable law. More egregious, however, is the fact that Ms. Currie did not raise any issues to suggest that the trial court erred in dismissing her case. Although Ms. Currie attempts to cure these deficiencies by filing a reply brief, review of this brief shows that Ms. Currie has simply copied the cogent portions of Farmers' brief. Her initial failure to brief is not cured by a mere recitation of Farmers' position.

For these reasons, the appeal is dismissed, and the case is remanded for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed to Appellant, Jeanette Currie. Because Ms. Currie is proceeding *in forma pauperis* in this appeal, execution for costs may issue if necessary.

_____
KENNY W. ARMSTRONG, JUDGE
